IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMILLE M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2883-L-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Camille M. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be remanded.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on March 23, 2016. *See* Dkt. No. 7 (Administrative Record ["Tr."] at 34-80). At the time of the hearing, Plaintiff was 43 years old. She is a high school graduate and has past work experience as a warehouse worker, order clerk, data entry clerk, and an unlicensed hairstylist. Plaintiff has not engaged in substantial gainful activity since June 15, 2010.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See* Tr. at 15-28 (ALJ's Decision). Although the medical evidence established that Plaintiff suffered from hypertension, degenerative disc disease, osteoarthritis of the right ankle, asthma, obesity, diabetes mellitus, depression, anxiety, and a somatic symptom disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as an order clerk and data entry clerk.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground, Plaintiff contends that the ALJ did not apply the proper legal standard in determining her mental RFC.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than

a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

Plaintiff contends that the ALJ did not apply the proper legal standard in determining her mental RFC because the ALJ did not include all of Plaintiff's severe mental limitations in the RFC assessment and in the hypothetical question posed to the vocational expert.

In evaluating mental disorders, the ALJ first considers whether a claimant has a medically determinable mental impairment. *See* 20 C.F.R. § 416.920a(b)(1). To do so, the ALJ must specify the symptoms, signs, and laboratory findings that substantiate

the presence of each impairment. *See id.*; *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must then rate the degree of functional limitation resulting from the impairments. *See* 20 C.F.R. § 416.920a(b)(2). The regulations set forth four broad functional areas for which the ALJ must rate the degree of the claimant's limitation: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace; and 4) episodes of decompensation. *See id.* § 416.920a(c)(3). These four functional areas are known as the "paragraph B" criteria. The degree of limitation in the first three functional areas is rated on a five-point scale that includes none, mild, moderate, marked, and extreme. *See id.* § 416.920a(c)(4). The degree of the fourth functional area is rated on a four-point scale that includes none, one or two, three, and four or more. *See id.*

The ALJ's written decision must incorporate pertinent findings and conclusions based on the special technique for evaluating the severity of mental impairment and must include a specific finding of the degree of limitation in each of the functional areas described. *See id.* § 416.920a(e)(4). After the ALJ rates the degree of functional limitation resulting from any mental impairment, the ALJ determines the severity of such impairment. *See id.* § 416.920a(d). If the degree of functional loss is either "none" or "mild" in the first three areas, and "none" in the fourth area, the ALJ must find the impairment is not severe at Step Two of the sequential evaluation process, which generally concludes the analysis and terminates the proceedings. *See id.* § 416.920a(d)(1). If the ALJ finds that the mental impairment is severe at Step Two,

then the ALJ must determine at Step Three if it meets or equals a listed mental disorder of the Listing. *See id.* § 416.920a(d)(2). To determine if it meets or is equivalent in severity to a listed mental disorder, the ALJ must compare the medical findings about the claimant's impairment and the rating of the degree of functional limitation to the criteria of the appropriate listed mental disorder. *See id.* § 416.920a(d)(2). If the impairment is severe but does not meet or equal a listed mental impairment, then the ALJ must conduct an RFC assessment. *See id.* § 416.920a(d)(3); *see also Boyd*, 239 F.3d at 705.

A RFC assessment is a function-by-function assessment based on all of the relevant evidence of an individual's ability to do work related activities. *See Myers v. Apfel*, 238 F.3d 617, 620 (2001). The purpose of assessing the claimant's RFC is to determine the work that can be done despite present limitations. *See id.*; *see also* 20 C.F.R. § 404.1545(a).

Here, at Step 3, the ALJ determined that Plaintiff has the severe mental limitations of depression, anxiety, and a somatic symptom disorder but that those limitations did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* Tr. at 12. To make this determination, the ALJ gave consideration to Listings 12.04, 12.06, and 12.07. *See id.* at 12, 15-16. The ALJ then rated the degree of functional limitation resulting from the mental limitations and found that Plaintiff had mild limitation in activities of daily living, moderate

limitations in social functioning and in concentration, persistence, or pace, and no episodes of decompensation that have been of extended duration. *See id.*

Plaintiff does not challenge the ALJ's paragaph B findings. *See* Dkt. No. 12 at 8. Instead, Plaintiff argues that, at Steps 4 and 5, the ALJ failed to expand on the finding that Plaintiff had moderate limitations in social functioning when determing her mental RFC.

The ALJ determined that Plaintiff has the mental RFC to understand, remember, and carry out detailed, but not complex, instructions and tasks and is limited to maintainting attention for two-hour segments. *See* Tr. at 16. But the ALJ made no findings about Plaintiff's limitations in social functioning, such as Plaintiff's ability to interact with supervisors, coworkers, or the public; her ability to accept instructions and respond to criticism from supervisors; or her ability to work without distracting coworkers. *See id.*; *see also* 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.00(B), (E)(2).

Accordingly, the ALJ did not include all of Plaintiff's mental limitations in the RFC and therefore did not apply the correct legal standard after making a determination of a severe combination of impairments. Failure to address Plaintiff's limitations related to all of her severe mental impairments – even if the ALJ's decision is supported by substantial evidence, as the Commissioner contends, and regardless whether the ALJ relied on a hypothetical question to the vocational expert that did not

reasonably incorporate all the claimaint's disabilities as recognized by Plaintiff – is remandable error in these circumstances.[1] *See Myers*, 238 F.3d at 620-21.

As another judge in this district explained, "[w]hile there may be sufficient evidence in the record to support the ALJ's finding that plaintiff is not disabled, the Court must also determine if the ALJ applied the proper legal standards in making that decision. No deference is afforded the Commissioner's legal determinations; review of legal issues is de novo." *Michaelis v. Berryhill*, No. 3:17-cv-1117-M (BH), 2018 WL 2164522, at *12 (N.D. Tex. April 6, 2018) (quoting *Campanile v. Astrue*, No. 10-716-JJB-CN, 2012 WL 1424728, at *4 (M.D. La. March 19, 2010) (citing *Harris v. Apfel*, 209 F.3d 413, 418 (5th Cir. 2000))). "'Generally, appeals from administrative agencies of a procedural error will not lead to a vacated judgment "unless the substantial rights of a party have been affected."' *Id.* (quoting *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (per curiam) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam))). "However, a failure to apply the correct standard is a legal error, not a procedural error. The Fifth Circuit has left the lower courts no discretion to determine whether this type of an error was harmless. It has mandated that when the Commissioner 'has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial.'" *Id.* (quoting *Moore v. Sullivan*, 895 F.2d 1065, 1070 (5th Cir. 1990) (quoting *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989) ). In light of

---

[1] By recommending that the Court remand this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

the ALJ's legal error, this case should be remanded with directions to the ALJ to apply the correct legal standard.

And, even if the harmless error doctrine were to apply, on this record, there is no basis to determine that this error was harmless where, as Plaintiff explains in reply, the Court cannot properly substitute its judgment for the ALJ's, or speculate on what the ALJ would decide on remand, as to (1) whether the ALJ meant to include limitations for accepting instructions and responding appropriately to changes in a routine work setting; (2) whether Plaintiff could still perform her past work as a data entry clerk with additional limitations; and, (3) if she could not, whether Plaintiff could perform the jobs identified by the vocational expert with additional limitations.

**Recommendation**

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 28, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE